1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MISTER MARRION YOUNGBLOOD,          No. 2:24-cv-2649 CSK P

11              Plaintiff,

12        v.                              ORDER

13   SOLANO COUNTY JAIL, et al.,

14              Defendants.

15

16        Plaintiff is a county prisoner proceeding pro se.  Plaintiff seeks relief pursuant to

17   42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

20   Accordingly, the request to proceed in forma pauperis is granted.

21   **I. SCREENING STANDARDS**

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.

2   28 U.S.C. § 1915(b)(2).

3       The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17   1227.

18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

25   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

26   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

27   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

28   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

1    true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

2    pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

3    (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

4    **II.  DISCUSSION**

5            Named as defendants are the Solano County Jail, Sutter Hospital, Solano County Jail

6    Nurse Amanda McBride and Solano County Jail Sergeant White.  (ECF No. 1 at 2.)  Plaintiff's

7    complaint contains three claims.

8            This Court applies the legal standards for pretrial detainees in evaluating plaintiff's claims

9    because plaintiff appears to be a pretrial detainee.  If plaintiff is not a pretrial detainee, plaintiff

10   shall clarify his status in an amended complaint.

11           **A. Claim One**

12           Plaintiff alleges that on July 23, 2024, plaintiff wrote a grievance regarding an incident

13   that occurred on July 22, 2024.  (<u>Id.</u> at 3.)  Plaintiff did not receive a response to this grievance

14   for nearly two months.  (<u>Id.</u>)  Inmates are supposed to receive responses to grievances within ten

15   calendar days.  (<u>Id.</u>)  Plaintiff alleges that the failure to receive a timely response to his grievance

16   violated his right to due process.  (<u>Id.</u>)  Plaintiff also alleges that he wrote several grievances "on

17   this matter."  (<u>Id.</u>)  Plaintiff alleges that, "I feel the process was retaliation for other grievances

18   and issues that I have already addressed in the past.  I received the response to my grievance on 9-

19   8-24."  (<u>Id.</u>)  Plaintiff alleges that he did not receive his scheduled Halal diet and lost visits and

20   commissary due to the delayed response to his grievance.  (<u>Id.</u>)

21            Claim one is dismissed because no defendants are linked to this claim.  The Civil Rights

22   Act under which this action was filed provides as follows:

23                   Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the deprivation
24                   of any rights, privileges, or immunities secured by the Constitution .
                     . . shall be liable to the party injured in an action at law, suit in equity,
25                   or other proper proceeding for redress.

26   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

27   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

28   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 692 (1978) ("<u>Monell</u>") ("Congress did not

1   intend § 1983 liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362

2   (1976) (no affirmative link between the incidents of police misconduct and the adoption of any

3   plan or policy demonstrating their authorization or approval of such misconduct). "A person

4   'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

5   does an affirmative act, participates in another's affirmative acts or omits to perform an act which

6   he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v.</u>

7   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

8          Moreover, supervisory personnel are generally not liable under Section 1983 for the

9   actions of their employees under a theory of respondeat superior and, therefore, when a named

10   defendant holds a supervisorial position, the causal link between him and the claimed

11   constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th

12   Cir. 1979) (no liability where there is no allegation of personal participation); <u>Mosher v. Saalfeld</u>,

13   589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal

14   participation), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning

15   the involvement of official personnel in civil rights violations are not sufficient.  See <u>Ivey v.</u>

16   <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual

17   allegations of personal participation is insufficient).  Claim one is dismissed because no

18   defendants are linked to this claim, as required to state a potentially colorable claim pursuant to

19   Section 1983.

20          For the following reasons, this Court also finds that claim one does not state potentially

21   colorable due process and retaliation claims.  Plaintiff appears to claim that jail officials violated

22   plaintiff's right to due process by providing an untimely response to plaintiff's grievance

23   submitted on July 23, 2024.  These allegations do not state a potentially cognizable due process

24   claim because an inmate does not have a liberty interest in a specific prison grievance procedure.

25   See <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639,

26   640 (9th Cir. 1988)); <u>Renfro v. West Valley Detention Center Classification Staff</u>, 2022 WL

27   18228280, at *6 (C.D. Cal. June 3, 2022) (pretrial detainees do not have a constitutional right to

28   specific grievance procedure); <u>Campos v. Barnes</u>, 2021 WL 1564459, at *6 (C.D. Cal. Apr. 21,

4

1   2021) ("Detainees and prisoners do not have an independent constitutional due process

2   entitlement to a specific administrative grievance procedure."). Accordingly, on these grounds,

3   plaintiff's due process claim based on the alleged untimely adjudication of plaintiff's grievance is

4   dismissed.

5         A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion

6   that a state actor took some adverse action against an inmate (2) because of (3) the inmate's

7   protected conduct, and (4) the adverse action chilled the inmate's exercise of his First

8   Amendment rights and (5) did not reasonably advance a legitimate penological purpose. See

9   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005), see also Wilson v. Pima County Jail,

10  256 Fed. App'x 949, 950 (9th Cir. 2007) (applying Rhodes test to pretrial detainee's retaliation

11  claim). In claim one, plaintiff appears to claim that the delayed response to his grievance

12  submitted on July 23, 2024 was in retaliation for plaintiff filing other grievances. However, other

13  than this conclusory assertion, plaintiff pleads no facts supporting this retaliation claim.

14  Plaintiff's conclusory statement that the delayed response to his grievance submitted on July 23,

15  2024 was in retaliation for plaintiff filing other grievances does not state a potentially colorable

16  retaliation claim. If plaintiff files an amended complaint, plaintiff shall address the five factors

17  set forth above required to state a retaliation claim.

18        This Court also observes that claim one appears unrelated to claims two and three. In

19  claims two and three, plaintiff raises claims regarding his alleged failure to receive medical care

20  for his broken wrist. Plaintiff is informed that unrelated claims against different defendants must

21  be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If

22  plaintiff files an amended complaint raising unrelated claims against different defendants, this

23  Court will sever the unrelated claims so that they proceed in different actions.

24      **B. Claim Two**

25        Plaintiff alleges that on April 30, 2024, plaintiff was admitted to defendant Sutter

26  Hospital. (ECF No. 1 at 4.) Plaintiff was x-rayed for injuries caused by plaintiff falling out of a

27  moving car. (Id.) Plaintiff alleges that defendant Sutter Hospital told plaintiff that there was

28  nothing wrong with plaintiff and that plaintiff's wrist was just swollen. (Id.) Plaintiff told the

1  nurses several times that he was in excruciating pain and that plaintiff believed that his wrist was

2  broken.  (Id.)  Plaintiff was discharged from defendant Sutter Hospital and cleared for placement

3  at the Solano County Jail.  (Id.)  At the jail, plaintiff complained of major pain and swelling in his

4  left wrist.  (Id.)  Dr. Nigar at the Solano County Jail ordered another x-ray of plaintiff's left wrist.

5  (Id.)  Plaintiff was informed that he had a major fracture in his left wrist.  (Id.)  Plaintiff was seen

6  months later at an outside facility.  (Id.)  Plaintiff's left wrist was placed in a hard cast to start the

7  proper healing process.  (Id.)  Plaintiff alleges that defendant Sutter Hospital did not provide

8  plaintiff proper medical attention and caused plaintiff further pain and suffering by failing to

9  provide proper medical care for plaintiff's broken wrist.  (Id.)

10         In claim two, plaintiff raises claims against defendant Sutter Hospital.  It appears that

11  defendant Sutter Hospital is a private hospital.  Liability under Monell applies to suits against

12  private entities under Section 1983.  See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th

13  Cir. 2012).  To make a Monell claim against a private entity, plaintiff must show that

14  (1) defendant acted under color of state law, and (2) if a constitutional violation occurred, the

15  violation was caused by an official policy or custom of defendant.  Id.  For the following reasons,

16  this Court finds that plaintiff has not pled sufficient facts to state a potentially colorable Monell

17  claim against defendant Sutter Hospital.

18         First, plaintiff pleads no facts demonstrating that defendant Sutter Hospital acted under

19  color of state law.  A private hospital or private doctor acts under color of state law when they

20  provide medical services to a prisoner pursuant to a contract with the state or county.  See West v.

21  Atkins, 487 U.S. 42, 54-55 (1988) (a private physician acted under color of state law when he

22  provided medical services to a state prisoner pursuant to a professional contract with the state);

23  Deloney v. County of Fresno, 2018 WL 1693383, at *6 (E.D. Cal. Apr. 6, 2018) (a private entity

24  that contracts with the government to provide medical and mental health care may be considered

25  a state actor whose conduct constitutes state action under Section 1983); George v. Sonoma

26  County Sheriff's Dept., 732 F. Supp. 2d 922, 935-36 (N.D. Cal. 2010) (finding that defendants

27  Sutter Health and Sutter Medical Center were state actors for purposes of Section 1983 based on

28  contract with Sonoma County).  Plaintiff pleads no facts demonstrating that defendant Sutter

6

Hospital acted under color of state law.  Plaintiff does not allege, for example, that plaintiff was seen at defendant Sutter Hospital based on a contractual relationship between defendant Sutter Hospital and Solano County.

Plaintiff is also informed that it is well-settled that physicians, nurses, and hospitals are not state actors merely because they provide emergency medical care to an inmate.  See Stratton v. Buck, 498 Fed. App'x 674, 676 (9th Cir. 2012) (private physician who provided emergency care to an inmate not a state actor, in part because she had no choice whether to treat him, and noting that "there is no Ninth Circuit case law holding that emergency medical care is a traditionally and exclusively governmental function"); Clewis v. California Prison Health Care Servs., 2013 WL 2482521, at *6 (E.D. Cal. June 10, 2013) (private hospital not a state actor where it provided emergency care to an inmate).  If plaintiff files an amended complaint, plaintiff shall clarify whether he was seen at defendant Sutter Hospital on an emergency basis.

In addition, in order to establish liability under Monell, "a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotations and citations omitted). Plaintiff fails to plead any facts demonstrating that his alleged failure to receive treatment for his broken wrist at defendant Sutter Hospital was caused by a policy of defendant Sutter Hospital and that the policy amounted to deliberate indifference to plaintiff's constitutional rights.  If plaintiff files an amended complaint raising this claim, plaintiff shall address this pleading defect.

In claim two, plaintiff may also be raising a negligence claim against defendant Sutter Hospital based on plaintiff's failure to receive treatment for his broken wrist at defendant Sutter Hospital.  "'A hospital is liable for a physician's malpractice when the physician is actually employed by or is the ostensible agent of the hospital.'"  Franklin v. Santa Barbara Cottage Hospital, 82 Cal. App. 5th 395, 403 (2022) (quoting Whitlow v. Rideout Memorial Hospital, 237 Cal. App. 4th 631, 635 (2015)).  "Where a patient seeks to hold a hospital liable for the negligence of a physician, the doctrine of ostensible agency requires two elements: '(1) conduct

by the hospital that would cause a reasonable person to believe that the physician was an agent of the hospital, and (2) reliance on that apparent agency relationship by the plaintiff.'" Jacobs v. Sharp Healthcare, 2023 WL 383076, at *14 (Cal. App. Jan. 25, 2023) (quoting Mejia v. Community Hospital of San Bernardino, 99 Cal. App. 4th 1448, 1453 (2002)).

It is unclear if plaintiff's negligence claim against defendant Sutter Hospital is based on an alleged failure by a person or persons employed by or the ostensible agents of defendant Sutter Hospital to adequately treat plaintiff's broken wrist. Accordingly, plaintiff's negligence claim against defendant Sutter Hospital is dismissed. If plaintiff files an amended complaint, plaintiff shall identify the person or persons who allegedly failed to provide adequate medical care for plaintiff's broken wrist at defendant Sutter Hospital. Plaintiff shall also address the elements of a medical malpractice claim as it applies to the persons or persons who allegedly failed to provide adequate medical care for plaintiff's broken wrist: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. See Avivi v. Centro Medico Urgente Medical Center, 159 Cal. App. 4th 463, 468 n. 2 (2008).[1]

**C. Claim Three**

Plaintiff alleges that defendant McBride told plaintiff several times that plaintiff's wrist was not fractured and that plaintiff was lying about the level of pain he was in. (ECF No. 1 at 4.) After months of grievances, Dr. Nigar ordered plaintiff seen at an outside facility where plaintiff's left wrist was placed in a hard cast due to the fracture on his left wrist. (Id.) On July 22, 2024, plaintiff was prescribed Norco for pain at the hospital. (Id.) Defendant McBride refused to give plaintiff proper pain medication, stating that plaintiff was lying about pain. (Id.)

A claim for a violation of a pretrial detainee's right to adequate medical care arises under

---

[1] The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 900, 905.2, 910, 911.2, 945.4, 950, 950.2. At this time, this Court makes no finding regarding whether plaintiff would be required to comply with the California Government Claims Act were he to state a potentially colorable negligence/malpractice claim against defendant Sutter Hospital.

the Fourteenth Amendment rather than the Eighth Amendment.  See Gordon v. County of Orange, 888 F.3d 1118, 1122, 1125 n. 4 (9th Cir. 2018).  For the following reasons, this Court finds that plaintiff fails to state a potentially colorable claim against defendant McBride for violation of plaintiff's Fourteenth Amendment right to adequate medical care.  A pretrial detainee's Fourteenth Amendment inadequate medical care claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case."  Id. (citations and internal quotation marks omitted).  The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard.  See id.

While plaintiff claims that defendant McBride failed to provide plaintiff with adequate pain medication, plaintiff does not make clear when this occurred.  It is also not clear if defendant McBride failed to provide any pain medication to plaintiff or that the pain medication defendant McBride provided was not adequate to treat plaintiff's pain.  For example, while plaintiff claims that he was prescribed Norco on July 22, 2024, and that defendant McBride refused to give plaintiff proper pain medication, it is not clear if plaintiff is claiming that defendant McBride failed to provide plaintiff any Norco, if defendant McBride failed to provide plaintiff the proper dose of Norco, or if plaintiff's claim against defendant McBride is related to the Norco prescription.  Based on plaintiff's vague and conclusory claims, this Court cannot determine whether plaintiff states a potentially colorable Fourteenth Amendment claim against defendant

1  McBride for providing plaintiff with inadequate pain medication.  Accordingly, this claim is

2  dismissed.

3  　　　　If plaintiff is claiming that defendant McBride contributed to the delay in plaintiff

4  receiving treatment for his broken wrist, plaintiff has not pled sufficient facts in support of this

5  claim.  Plaintiff fails to specifically allege how defendant McBride contributed to the delay in

6  plaintiff's receipt of treatment for his broken wrist.  If plaintiff files an amended complaint raising

7  this claim, plaintiff shall address this pleading defect.

8  　　　　Plaintiff also appears to raise a medical malpractice/negligence claim against defendant

9  McBride.  The California Government Claims Act requires that a tort claim against a public entity

10  or its employees be presented to the California Victim Compensation and Government Claims

11  Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 900, 905.2,

12  910, 911.2, 945.4, 950, 950.2.  Presentation of a written claim, and action on or rejection of the

13  claim are conditions precedent to suit.  See State v. Superior Court of Kings Cnty and Bodde, 32

14  Cal.4th 1234, 1239 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th

15  Cir. 1995).  To state a tort claim against a public employee or public entity, a plaintiff must allege

16  compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at

17  1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Because

18  plaintiff fails to allege compliance with the Government Claims Act, plaintiff's medical

19  malpractice/negligence claim against defendant McBride is dismissed.

20  　　　　**D. Defendants Solano County Jail and Sergeant White**

21  　　　　Plaintiff's complaint contains no claims against defendant Sergeant White.  Accordingly,

22  defendant Sergeant White is dismissed because he is not linked to any claims.  See Monell, 436

23  U.S. at 692 ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent.").

24  　　　　Plaintiff's complaint contains no claims against defendant Solano County Jail.  However,

25  an agency or department of a municipal entity is not a proper defendant under Section 1983.

26  Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996).  Rather, the county itself

27  is the proper defendant.  Id.  Accordingly, defendant Solano County Jail is also dismissed because

28  it is not a proper defendant.  If plaintiff files an amended complaint naming Solano County as a

defendant, plaintiff is informed that a municipal entity cannot be held liable for the actions of its employees under Section 1983; it may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694.  If plaintiff files an amended complaint naming Solano County as a defendant, plaintiff shall address this legal standard.

**III. CONCLUSION**

For the reasons discussed above, plaintiff's complaint is dismissed.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Solano County Sheriff filed concurrently herewith.

     3.  Plaintiff's complaint is dismissed.

     4.  Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Amendment and submit the following documents to the court:

     a.  The completed Notice of Amendment; and

     b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of

this action.

Dated:  November 6, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Young2649.14
2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MISTER MARRION YOUNGBLOOD,

Plaintiff,

v.

SOLANO COUNTY JAIL, et al.,

Defendants.

No. 2:24-cv-2649 CSK P

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

1